IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| SARAH GONZALES § | |
| § | |
| V. § | |
| § | A-09-CA-300-JN |
| MICHAEL J. ASTRUE, § | |
| COMMISSIONER OF THE SOCIAL § | |
| SECURITY ADMINISTRATION § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATED MAGISTRATE JUDGE**

TO: THE HONORABLE JAMES R. NOWLIN
UNITED STATES SENIOR JUDGE

Before the Court are Plaintiff's Original Complaint seeking reversal of the final decision of the Social Security Administration, filed on April 28, 2009 (Clerk's Doc. No. 4); Plaintiff's Brief in Opposition to the Commissioner's Decision, filed on September 8, 2009 (Clerk's Doc. No. 14); Defendant's Brief in Support of the Commissioner's Decision, filed on October 20, 2009 (Clerk's Doc. No. 16); and Plaintiff's Response to the Court's Order to Show Cause, filed February 10, 2010 (Clerk's Doc. No. 18).

The undersigned submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. § 636(b) and Rule 1(h) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

**DISCUSSION**

On April 28, 2009, the Court granted Plaintiff *in forma pauperis* ("IFP") status and ordered that her complaint be filed without pre-payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a)(1). In doing so, the Court cautioned Plaintiff that the Court may make a determination in the future that the action should be dismissed pursuant to 28 U.S.C. § 1915(e). That

statute provides that a district court "shall dismiss" a case brought IFP at any time if the court determines the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Claims asserted in an IFP complaint which are, on their face, barred by the applicable statute of limitations, are properly dismissed as frivolous. *Gonzales v. Wyatt*, 157 F.3d 1016, 1019-21 (5th Cir. 1998); *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993). "In an action under section 1915, a district court may raise the defense of limitations *sua sponte*." *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999).

After reviewing the record in this case, it appeared to the Court that Plaintiff's action was barred by the applicable 60-day limitations period for social security appeals.[1] Plaintiff filed her complaint on April 20, 2009. Plaintiff stated in her complaint that she received notification on February 13, 2009, of the Appeals Council's determination that the decision of the Administrative Law Judge was correct. Accordingly, February 13, 2009, was the day the 60-day limitations period began to run. *See Jackson v. Astrue*, 1:09-cv-612-SS, Clerk's Doc. No. 8 (W.D. Tex. Dec. 21, 2009) (holding that 60-day period begins to run from date Plaintiff unequivocally states in her complaint that she received notice of the Appeals Council's decision). This means that Plaintiff had until April 14, 2009, to file her complaint to meet the 60-day limitations period. As noted earlier, the complaint was not filed until April 20, 2009.[2]

---

[1] "Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision." 42 U.S.C. § 405(g). The governing regulations clarify the term "mailing" by stating that a civil action must be commenced within sixty days after the notice "is received by the individual." 20 C.F.R. § 422.210(c).

[2] Specifically, the application to proceed *in forma pauperis* was filed on April 20, 2009. The complaint was not actually filed until April 28, 2009, the date the application was granted.

On February 8, 2010, the Court issued an order discussing the fact that the complaint was filed beyond the statute of limitations and ordered Plaintiff to show cause why her case should not be dismissed. On February 10, 2010, Plaintiff responded by stating that the notice was sent to her previous attorney, who did not notify her of the appeals council decision until March 13, 2009. However, notice on the attorney is effective as notice on the Plaintiff. As the Supreme Court stated in *Link v. Wabash Railroad Company*:

> Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and considered to have notice of all facts, notice of which can be charged upon the attorney.

370 U.S. 626, 633-34 (1962) (internal quotations omitted). Thus, the fact that the notice was sent to her attorney does not affect the date that the notice was "received" by the Plaintiff.

Plaintiff also argues that undue hardship would result if the claim is dismissed, so the Court should nevertheless allow it to proceed. However, Plaintiff (or her counsel) failed to file her complaint within the statute of limitations, and Plaintiff does not show that the circumstances in this case warrant ignoring her attorney's malfeasance. *See Link*, 370 U.S. at 634 n.10 ("[A] civil plaintiff may be deprived of his claim if he failed to see to it that his lawyer acted with dispatch in the prosecution of his lawsuit."). While it may seem harsh to punish the client for the attorney's failure to file the complaint on time, such an approach serves important interests. "Holding the client responsible for the lawyer's deeds ensures that both clients and lawyers take care to comply. If the lawyer's neglect protected the client from consequences, neglect would become all too common. It would be a free good—the neglect would protect the client, and because the client would not suffer the lawyer would not suffer either." *Tolliver v. Northrop Corp.*, 786 F.2d 316, 319 (7th Cir. 1986). But this does not mean that Plaintiff is left entirely without a remedy. As the Supreme Court has

3

noted, where an attorney's conduct "falls substantially below what is reasonable under the circumstances, the client's remedy is against the attorney in a suit for malpractice." *Id.*

Plaintiff's counsel's failures in this Court have been well-documented by the undersigned over the past several years. The Court has given Ms. Felps considerable leeway and forgiven many a failing for the very reason she advocates for here—so that the client is not harmed by the attorney's failures. As the Seventh Circuit explained in *Tolliver*, allowing repeated failures to go unpunished is a policy that ultimately promotes below-standard practice, and that is exactly what has happened here. There comes a time when the Court must say "enough," and that time has come.

## CONCLUSION

Because Plaintiff unequivocally stated in her complaint that she received notice of the Appeals Council's decision on February 13, 2009, Plaintiff had until April 14, 2009, to file her complaint to meet the 60-day limitations period. Plaintiff failed to do so. Claims asserted in an IFP complaint which are, on their face, barred by the applicable statute of limitations, are properly dismissed as frivolous. *Gonzales v. Wyatt*, 157 F.3d 1016, 1019-20 (5th Cir. 1998). Accordingly, the undersigned recommends that Plaintiff's complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2).

## RECOMMENDATION

Based upon the foregoing, the undersigned Magistrate Judge **RECOMMENDS** that the District Court **DISMISS** Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2).

## WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections.

*Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 12th day of March, 2010.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE